# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO CAMACHO,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>WACHOVIA MORTGAGE, FSB; et al.,<br><br>　　　　　　　Defendants. | CASE NO. 09-CV-1572 JLS (WMc)<br><br>**ORDER: GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 12) |

Presently before the Court is Defendant's motion to dismiss. (Doc. No. 12.) Plaintiff has filed an opposition and Defendant has replied to that opposition. (Doc. Nos. 14 & 16.) Having fully considered the parties' papers and the relevant law, for the reasons set forth herein Defendant's motion is **GRANTED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009)

1  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).  As the Supreme Court has made clear, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**ANALYSIS**

Plaintiff Reynaldo Camacho entered into two agreements with Defendant Wachovia in order to refinance the property he owned located at 4938 Roja Drive, Oceanside California, 92057.  (Doc. No. 10 (FAC) ¶¶ 1, 7.)  Based on these transactions, Plaintiff alleges violations of the Truth In Lending Act (TILA), 15 U.S.C. § 1601, et seq., and California's Unfair Business Practices Act, California Business and Professions Code § 17200.  (*Id.* ¶¶ 9–49.)

**I.     Defendant's Request for Judicial Notice**

At the outset, the Court addresses Defendant's request for judicial notice.  (Doc. No. 12-2 (RJN).)  Defendant asks this Court to consider thirteen documents in its decision on the motion to

1  dismiss. Although a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" when deciding a motion to dismiss, it "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations omitted). Plaintiff has not opposed the consideration of these documents.

In considering these documents, the Court finds that Exhibits A through D are capable of being judicially noticed as undisputed matters of public record. Exhibit E, the Plaintiff's Deed of Trust, is also capable of being judicially noticed as it has been recorded in the official public records of the San Diego Country Recorder's Office and is undisputed. (*See also* Doc. No. 1, Ex. A at 28–42 (copy of the deed of trust attached to initial complaint).) Exhibit F is Plaintiff's Adjustable Rate Mortgage Note. Consideration of this document is proper because it is referenced in the First Amended Complaint (FAC) but not attached thereto. (*See, e.g.*, FAC ¶ 15.) Exhibits G, H, and M, although not attached to the FAC, were attached to Plaintiff's initial complaint and as such are properly considered. Exhibit K is merely a copy of Appendix J to 12 C.F.R. § 226.12 and is therefore capable of judicial notice. The Court cannot conclude, however, that Exhibits I, J, or L are referenced in the complaint such that they would be properly considered in a Rule 12(b)(6) motion. These exhibits would be more properly considered as evidence in a motion for summary judgment. Therefore, Defendant's request for judicial notice is **GRANTED** as to Exhibits A through G, H, K, and M, and **DENIED** as to Exhibits I, J, and L.

## II.  Truth In Lending Act Claim

Plaintiff's first cause of action is brought pursuant to TILA. (FAC ¶ 9–30.) He makes numerous allegations including that Defendant made misleading interest rate disclosures, (*Id.* ¶ 15(a)) and was insufficiently clear about whether this loan was at a fixed or variable rate. (*Id.* ¶ 15(d).) Plaintiff seeks damages "in an amount to be determined at trial," but suggests that this will be "several tens and (sic) thousands, if not hundreds of thousands of dollars." (*Id.* ¶ 30.) Defendant argues that this claim falls outside of TILA's statute of limitations. (Memo. ISO Motion at 7.) The Court agrees and **GRANTS** the motion to dismiss as to this claim.

1   TILA applies a one year statute of limitations to damages claims. 15 U.S.C. § 1640(e). The limitations period begins to run from the date the loan transaction is consummated. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff's mortgages were consummated on May 8, 2006. (FAC ¶ 7.) Therefore, the last date Plaintiff could have brought this claim was May 8, 2007.

In certain circumstances, however, equitable tolling may be available. *Id.* Specifically, "the limitations period may be suspended "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.*

The FAC offers this Court no reason to toll the statute. Its allegations are not the type of "fraudulent concealment" that would merit negating Congress's judgment as to the proper statute of limitations. *Id.* The alleged TILA deficiencies were all on the face of the loan documents and would have been readily discoverable at consummation of the contract. Tolling based on these facts would require application of the "continuing violation" theory explicitly rejected by the Ninth Circuit. *King*, 784 F.2d at 914.

Plaintiff's opposition attempts to introduce facts not mentioned in the FAC to justify his request for tolling. Given the standards for a Rule 12(b)(6) motion, the Court cannot consider them for purposes of this Order. Therefore, Defendant's motion to dismiss must be **GRANTED** as to Plaintiff's TILA claim. However, the Court finds that this dismissal should be **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** this claim.

**III.     California Business and Professions Code Section 17200 Claims**

Plaintiff's second and third claims are both based on California's Unfair Business Practices Act. "California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" *In re Pomona Valley Med. Group, Inc.*, 476 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code §§ 17200, et seq.). To state a claim, the Plaintiff must allege that the Defendant's acts were unlawful, unfair or fraudulent. *Id.* If a Plaintiff has identified a violation of law, whether state or federal, he has almost certainly stated a basis upon which an unfair competition claim can be based. *Cal-Tech Commc'n, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999).

Plaintiff's second cause of action is based on Defendant's alleged TILA violations, the details

of which he incorporates from his first cause of action. (FAC ¶¶ 31–39.) Specifically, this claim is based on Defendant's alleged failures to "clearly or accurately disclose the terms of the ARM loans." (*Id.* ¶ 33.) Plaintiff's third cause of action similarly arises out of alleged TILA violations. (*Id.* ¶¶ 40–49.) For this claim Plaintiff alleges that Defendant did not perform required due diligence and improperly approved Plaintiff for these loans. Both causes of action seek restitution, disgorgement of profits, declaratory relief, and a permanent injunction. (*Id.* ¶¶ 39 & 49.)

Defendant argues that section 17200, insofar as it is used by Plaintiff, is preempted by the Home Owners Loan Act (HOLA). (Memo. ISO Motion at 3–7.) "As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). That regulation reads, in relevant part:

> OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section or § 560.110 of this part. For purposes of this section, "state law" includes any state statute, regulation, ruling, order or judicial decision.

12 C.F.R. § 560.2(a). Determining preemption involves a two step process:

> the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

OTS, Final Rule, 61 Fed.Reg. 50951, 50966–67 (Sept. 30, 1996). Under this analysis, even a law that is not solely intended to regulate federal savings associations is preempted to the extent that, as applied, it impacts the areas set forth by 560.2(b).[1] *Silvas*, 514 F.3d at 1006 (finding preemption of California's unfair advertising and unfair competition laws).

Looking at Plaintiff's second cause of action, the Court must determine whether under

---

[1] Plaintiff's argument that these laws are not preempted under section 560.2(c)(4) is inaccurate. Section (c) provides a list of laws not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations." By implication, if the effect of a law is more than "incidental," whether or not specifically listed in section (c), it is preempted.

1  Plaintiff's allegations section 17200 is "a type of law . . . listed in paragraph (b)" of section 560.2.
2  As previously stated, his second claim alleges that "defendants[] fail[ed] to comply with the disclosure
3  requirements mandated by TILA" and "failed . . . to clearly or accurately disclose the terms of the
4  ARM loans as required under TILA." (FAC ¶ 33.)

5        This claim is preempted because it is specifically listed in 12 C.F.R. § 560.2(b)(9). Under that
6  provision, laws regulating disclosure[2] "including laws requiring specific statements, information, or
7  other content to be included in credit application forms, credit solicitations, billing statements, credit
8  contracts, or other credit-related documents and laws requiring creditors to supply copies of credit
9  reports to borrowers or applicants." *Id.* Plaintiff's allegations would use section 17200 to require a
10 federal savings association make particular disclosures and apply specific standards to their loan
11 application and disclosure documents. There can simply be no question that this sort of claim utilizes
12 state law to effectively regulate a federal savings association in a way specifically preempted by
13 section 560.2(b)(9). Therefore, the second cause of action must be **DISMISSED WITH**
14 **PREJUDICE** as preempted.

15       The third cause of action alleges "that Defendants . . . extended the loan to Plaintiff on stated
16 income only, without requiring any further verification of Plaintiff's ability to repay the loan, knowing
17 that Plaintiff would not be able to repay the loan." (FAC ¶ 42.) It also alleges that Defendant
18 approved the loan "in bad faith" and "knew that Plaintiff could not qualify for the $405,000 loan based
19 on his credit rating." (*Id.* ¶ 43.) This, according to Plaintiff, violated "several laws an/or regulations"
20 including "the disclosure requirements of TILA." (*Id.* ¶ 44.)

21       The third claim in the FAC is also preempted under several different sections of 12 C.F.R. §
22 560.2. As with the second cause of action, Plaintiff again invokes disclosure requirements bringing
23 this claim under section (b)(9). Further, section (b)(10), involving "Processing, origination, servicing,
24 sale or purchase of, or investment or participation in, mortgages," speaks to the preemption of this
25 claim as to whether Plaintiff qualified for the loan and whether any verification of Plaintiff's income
26 was necessary. Again, there is no question that the allegations made under the third cause of action

27

28     [2] Contrary to Plaintiff's suggestion, section 560.2(b)(9) applies to all disclosure requirements, not just those related to advertising and marketing. (Opp. at 7.)

1  would constitute state regulation of a federal savings association's lending activities through the
2  Unfair Competition Law.  Therefore, the third cause of action must also be **DISMISSED WITH**
3  **PREJUDICE** as preempted.

### CONCLUSION

For the reasons stated, Defendant's motion to dismiss is **GRANTED**.  The complaint is **DISMISSED WITH PREJUDICE** as to the second and third causes of action.  However, it is **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's TILA claim.  Plaintiff may file an amended complaint <u>within thirty days</u> of the date this order is electronically docketed.

IT IS SO ORDERED.

DATED: November 3, 2009

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge