# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO CAMACHO,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>WACHOVIA MORTGAGE, FSB; et al.,<br><br>　　　　　　　Defendants. | CASE NO. 09-CV-1572 JLS (WMc)<br><br>**ORDER: GRANTING MOTION TO DISMISS**<br><br>(Doc. No. 35) |

Presently before the Court is Defendants' motion to dismiss the Third Amended Complaints (TAC). (Doc. No. 35.) Plaintiff opposes this motion and Defendants have replied. (Doc. Nos. 37 & 38.) Having fully considered this motion, the Court **GRANTS** the motion.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's

---

[1] Since the parties are fully aware of the facts, they are not repeated here.

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

I.   **TRUTH IN LENDING ACT DAMAGES CLAIM**

Plaintiff's first cause of action is for damages under the Truth in Lending Act (TILA). (TAC PP 9--34.) In this Court's Prior Order it stated: "because Plaintiff filed this action beyond the statute of limitations and has not pled facts that would entitle him to equitable tolling, his claim for damages under TILA is **DISMISSED WITH PREJUDICE**." (Doc. No. 31 at 4.) Given this holding, Plaintiff was not free to include this claim in the TAC and the first cause of action must again be **DISMISSED**.

//
//

## II. TRUTH IN LENDING ACT RESCISSION CLAIM

The second cause of action is also based on TILA, but seeks a rescission of the loans in question. (TAC ¶¶ 35–38.) He claims that Defendant Wachovia violated TILA in four ways: (1) it did not disclose the interest rate in a sufficiently clear and conspicuous manner, (2) its disclosure regarding the interest rate is neither clear nor conspicuous, (3) the disclosures are intentionally deceptive, and (4) it did not disclose the interest rate in several documents. (*Id.* ¶ 19.)

In this Court's Prior Order, it exercised its discretion and required Plaintiff to "plead his ability to tender in order to maintain his claim for rescission." (Doc. No. 31 at 4–5.) The reason for this was that "[i]t would be a waste of the time and resources of the parties and the Court to proceed to the point of rescission only to have Plaintiff be unable to tender." (*Id.* at 5.)

Defendants argue that this matter should be dismissed because Plaintiff has not alleged his ability and willingness to tender the amount of his loan.[2] (Memo. ISO Motion at 3.) Defendants are correct. Plaintiff added the following allegation to the TAC:

> Plaintiff is prepared to rescind the real estate agreement with the Defendant WACHOVIA on the following basis: A. That all derogatory credit information caused by the Defendant be expunged from Plaintiff's credit profile; B. That all payments and other credits and debits for the entire tenancy have been accounted for; C. Plaintiff shall thereupon make a rescission payment to the extent of the amount borrowed, but not to exceed the fair market value of the realty arrived at either by stipulation of all the parties or by finding of the Court.

(TAC PP 37.)

This is inadequate. Plaintiff conditions his willingness to repay on restitution to which he may or may not be entitled at the end of this matter. Such conditions place the cart before the horse. In order to proceed, Plaintiff must be prepared to rescind even in the event that he is not entitled to the other requests he makes.

He also only expresses a willingness to repay up to "the fair market value of the realty." This condition is contrary to the most basic principles of rescission and therefore unacceptable. Rescission places the parties to a contract in the same position they were before the contract was

---

[2] Defendants also argue that the rescission claim is time barred. (Memo. ISO Motion at 3–4.) The Court elects not to address this concern for two reasons. First, it is unnecessary since Plaintiff still has failed to show that he is willing to properly tender. Second, Defendants' arguments require this Court to delve into the merits of a conflict between Plaintiff's allegations and Defendants' proffered evidence. The Court believes that this is a conflict better resolved on a motion for summary judgment than on a motion to dismiss.

entered. In this case, that means Plaintiff must be willing and able to repay the full principal of his loans, regardless of the current market value of the real estate.

Plaintiff argues that "it would be absurd to require [him] to repay more than the home's value simply to enrich the bank beyond its expectations at the time of the subject transaction." (Opp. at 2.) This misses the entire point of rescission. The bank made these loans expecting to recoup the principal along with interest. As such, rescission does not "enrich the bank beyond its expectations at the time of the subject transaction." (*Id.*) It simply puts the bank back where it started.

Moreover, this argument effectively requires the Defendants should bear the risk of market volatility. However rescission does not require them to shoulder such a burden. Instead, it simply requires both parties to return the other to its starting position. This places the burden of a negative market swing on the borrower, not the lender. For this reason alone, the TAC must be **DISMISSED**.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss is **GRANTED** and this matter is **DISMISSED**.

IT IS SO ORDERED.

DATED: August 24, 2010

Honorable Janis L. Sammartino
United States District Judge